**IN THE UNITED STATES DISTRITCT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **DON ASCARE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 4:10-cv-01979** |
| | ) |
| **MASTERCARD INTERNATIONAL** | ) |
| **INCORPORATED, d/b/a** | ) |
| **MasterCard Worldwide** | ) |
| | ) |
| **Defendants.** | ) |

**ANSWER**

Defendant, MasterCard International Incorporated *d/b/a* MasterCard Worldwide ("MasterCard" or "Defendant") submits its Answer and Affirmative Defenses to Plaintiff's Petition as follows:

1.      Upon information and belief, Defendant admits the allegations pleaded in Paragraph 1 of Plaintiff's Petition.

2.      Defendant admits the allegations pleaded in Paragraph 2 of Plaintiff's Petition.

3.      Defendant admits the allegations pleaded in Paragraph 3 of Plaintiff's Petition.

4.      Defendant admits the allegations pleaded in Paragraph 4 of Plaintiff's Petition.

5.      Defendant admits the allegations pleaded in Paragraph 5 of Plaintiff's Petition.

6.      Defendant admits the allegations pleaded in Paragraph 6 of Plaintiff's Petition.

7.      Defendant denies the allegations pleaded in Paragraph 7 of Plaintiff's Petition.

8.      Defendant denies the allegations pleaded in Paragraph 8 of Plaintiff's Petition.

9.      Defendant is without information sufficient to determine the veracity of the allegations contained in paragraph 9 of Plaintiff's Petition and, therefore, denies same.

{00140113.1}

10.     Defendant denies the allegations pleaded in Paragraph 10 of Plaintiff's Petition.

11.     Defendant denies Plaintiff was instructed to delete the Employee Misclassification Issue Email and, therefore, denies the allegations pleaded in Paragraph 11 of Plaintiff's Petition.

12.     Defendant denies the allegations pleaded in Paragraph 12 of Plaintiff's Petition.

13.     Defendant admits Plaintiff sent an email to Diane Dann on August 25, 2010, but denies the remaining allegations pleaded in Paragraph 13 of Plaintiff's Petition.

14.     Defendant denies the allegations pleaded in Paragraph 14 of Plaintiff's Petition.

15.     Defendant denies the allegations pleaded in Paragraph 15 of Plaintiff's Petition.

16.     Defendant admits the allegations pleaded in Paragraph 16 of Plaintiff's Petition.

## COUNT I

17.     Defendant incorporates its answers to Paragraphs 1-16 of Plaintiff's Petition as if fully set forth herein.

18.     Defendant denies the allegations pleaded in Paragraph 18 of Plaintiff's Petition.

19.     Defendant denies the allegations pleaded in Paragraph 19 of Plaintiff's Petition.

20.     Defendant denies the allegations pleaded in Paragraph 20 of Plaintiff's Petition.

21.     Defendant denies the allegations pleaded in Paragraph 21 of Plaintiff's Petition.

## COUNT II

22.     Defendant incorporates its answers to Paragraphs 1-21 of Plaintiff's Petition as if fully set forth herein.

23.     Defendant denies the allegations pleaded in Paragraph 23 of Plaintiff's Petition.

24.     Defendant denies the allegations pleaded in Paragraph 24 of Plaintiff's Petition.

25.     Defendant denies the allegations pleaded in Paragraph 25 of Plaintiff's Petition.

26.     Defendant denies the allegations pleaded in Paragraph 26 of Plaintiff's Petition.

## DEFENSES

## FIRST DEFENSE

Plaintiff's Petition fails to state an action or a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to mitigate any compensatory damages and/or back pay allegedly due to him by failing to be available for work, by failing actively and earnestly to search for work and by foregoing wages and benefits which could have been earned with reasonable diligence.

## THIRD DEFENSE

Plaintiff's Petition fails to state sufficient facts to justify an award of compensatory or punitive damages.

## FOURTH DEFENSE

Plaintiff's complaint is not actionable because all alleged actions with respect to Plaintiff were justified by:  good cause; reasonable factors other than retaliation; and legitimate, non-discriminatory business necessity and reasons.

## FIFTH DEFENSE

Plaintiff's sole remedy to recoup for supposed emotional distress is provided under the Missouri Workers' Compensation Act and exclusive jurisdiction over such issues is vested in the Missouri Division of Workers' Compensation.

## SIXTH DEFENSE

Punitive damages which may arguably be available to Plaintiff are subject to the limitations of § 510.265.1, R.S.Mo.

**SEVENTH DEFENSE**

Missouri's statutory scheme for imposing, collecting and distributing punitive damages violates both the United States Constitution and the Missouri Constitution.  In particular, §§ 510.263 and 537.675 of the Missouri Revised Statutes permit a civil jury to award punitive damages because of a motive to redistribute wealth from Defendant to Plaintiff.

**EIGHTH DEFENSE**

Any award of punitive damages beyond a nominal sum pursuant to any of the claims alleged in Plaintiff's Petition would deny Defendant its constitutional rights, both facially and as applied in this case, protected by any one or more of the excessive fines clause, the takings clause, the due process clause and the equal protection of laws clause of either the United States Constitution or the Missouri Constitution or both.

**NINTH DEFENSE**

Defendant requests a bifurcated trial with respect to Plaintiff's prayer and allegations for the award of punitive damages, pursuant to § 510.263, R.S.Mo.

**TENTH DEFENSE**

Defendant reserves the right to amend its Answer and to add additional Defenses as Plaintiff's claims are more fully disclosed in the course of this litigation.

**ELEVENTH DEFENSE**

Defendant denies all allegations not specifically admitted herein.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant prays for judgment in its favor with all costs and attorneys' fees to be assessed against Plaintiff, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE LOWENBAUM PARTNERSHIP, L.L.C.


　　　　　/s/ William M. Lawson
William M. Lawson, # 33217
Whitney D. Pile, # 5223736
222 South Central Avenue, Suite 901
St. Louis, MO  63105
(314) 863-0092 (Main)
(314) 746-4848 (Facsimile)
wlawson@lowenbaumlaw.com
wpile@lowenbaumlaw.com

Attorneys for the Defendant
MasterCard International Incorporated
d/b/a MasterCard Worldwide

## CERTIFICATE OF SERVICE

I hereby certify that I have on October 27, 2010, served a true and correct copy of the foregoing via electronic filing upon the following:

S. Todd Hamby, Esq.
7701 Forsyth, Twelfth Floor
St. Louis, MO  63105


　　　　　/s/ William M. Lawson