UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DON ASCARE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10CV1979(JCH) |
| ) | |
| MASTERCARD INTERNATIONAL, INC., ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF DON ASCARE'S MOTION FOR EQUITABLE RELIEF
AND PREJUDGMENT INTEREST**

**I.   INTRODUCTION**

On October 2, 2012, the jury returned a verdict in favor of Plaintiff on his claim of wrongful discharge in violation of public policy based upon Plaintiff's whistleblowing activities, against Defendant MasterCard International, Inc., d/b/a/ MasterCard Worldwide. As part of his damages, the jury awarded Plaintiff the amount of $210,000.00. The jury found that "Plaintiff Don Ascare reporting to his superiors what he believed to be a failure properly to classify alleged leased employees by MasterCard was a contributing factor to Plaintiff Don Ascare's discharge."

The Court entered judgment in Plaintiff's favor on his wrongful discharge claim pursuant to the jury's verdict on October 3, 2012. Pursuant to Fed.R.Civ.P. 59(e), Plaintiff now moves the Court to amend the judgment by

1

awarding Plaintiff equitable relief, prejudgment interest and post-judgment interest.

## II. EQUITABLE RELIEF

Individuals who prevail on their claims of wrongful discharge are granted two alternative types of equitable prospective relief -- reinstatement and front pay. *Altenhofen v. Fabricor, Inc.*, 81 S.W.3d 578, 594 (Mo. Ct. App. 2002). These alternative equitable remedies may be awarded to compensate successful plaintiffs for lost future earnings. *Prine v. Sioux City Cmty. Sch. Dist.*, 95 F. Supp. 2d 1005, 1008 (N.D. Iowa 2000).

"Reinstatement is the preferred remedy for unlawful employment discrimination, and front pay is the disfavored alternative, available only when reinstatement is impracticable or impossible." *Brady v. Curators of Univ. of Missouri*, 213 S.W.3d 101, 113 (Mo. Ct. App. 2006). Reinstatement is not feasible in situations "where the employer-employee relationship cannot be repaired." *Gilliland v. Missouri Athletic Club*, 273 S.W.3d 516, 524 (Mo. banc 2009).

### A. Reinstatement

Reinstatement may be achieved by returning the plaintiff to his former position or by placing the plaintiff in a comparable position to the one held immediately before the illegal discharge. *Ogden vs. Wax Works, Inc.*, 29 F. Supp.2d 1003, 1008 (N.D. Iowa 1998). In determining whether reinstatement is

2

appropriate, courts generally consider several factors, including the following: (1) whether the employer is still in business; (2) whether there is a comparable position available for the plaintiff to assume; (3) whether an innocent employee would be displaced by reinstatement; (4) whether the parties agree that reinstatement is a viable remedy; (5) whether the degree of hostility or animosity between the parties would undermine reinstatement; (6) whether reinstatement would arouse hostility in the workplace; (7) whether the plaintiff has since acquired similar work; (8) whether the plaintiff's career goals have changed since the unlawful termination; and (9) whether the plaintiff has the ability to return to work for the defendant employer -- including consideration of the effect of the dismissal on the plaintiff's self worth. *Ogden* at 1010.

Defendant is still in business, however, reinstatement is not appropriate in the instant circumstances. Reinstatement is impracticable and inappropriate in this case mainly due to the high levels of hostility exhibited by Defendant toward Plaintiff. Defendant vilified and assassinated the character of Plaintiff throughout the trial of this matter. Hostility of this nature renders reinstatement "an ill-advised remedy." *Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 322 (8th Cir. 1993). It is readily apparent from Defendant's conduct and demeanor throughout the litigation of this matter that Defendant has no desire to re-employ the Plaintiff. The relationship between Plaintiff and his former employer has been irreparably damaged. Moreover, reinstatement at MasterCard would require Plaintiff to report to the same two supervisors

3

that his whistleblowing activities related to, ultimately resulting in his wrongful discharge – a troublesome and infeasible situation for both parties.

Further dictating against reinstatement is the fact that it would require the displacement of a non-culpable employee, Plaintiff's replacement, who has now served in the position for approximately the past two and one half (2½) years. Reinstatement should not be ordered when it would disrupt the employment of others. *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir. 1990), holding modified by *Smith v. The Berry Co.*, 198 F.3d 150 (5th Cir. 1999).

For all of the above-stated reasons, reinstatement is not a viable remedy. Accordingly, Plaintiff requests that the Court order Defendant to pay Plaintiff front pay in lieu of reinstatement.

**B.    Front Pay**

Though reinstatement is generally the preferred remedy in an unlawful termination case, *Cowan v. Strafford R-VI Sch. Dist.*, 140 F.3d 1153, 1160 (8th Cir. 1998), front pay may be awarded in lieu of reinstatement in situations where reinstatement is impracticable or impossible. *Newhouse v. McCormick & Co, Inc.*, 110 F.3d 635, 641 (8th Cir. 1997). The Eighth Circuit has recognized that front pay is not so much a monetary award for the salary that the employee would have received but for the discrimination, but, rather, it is the monetary equivalent of reinstatement. *Kramer v. Logan County Sch. Dist. No. R-1*, 157 F.3d 620, 626 (8th Cir. 1998). The calculation of a front pay award,

4

which is necessarily uncertain, is a matter of equitable relief within the district court's sound discretion. *Hukkanen v. International Union of Operating Engineers*, 3 F.3d 281, 286 (8th Cir. 1993). The plaintiff initially carries the burden to provide proof of a basis for a front pay award, which then shifts to the defendant to prove such an award is inappropriate *Curtis v. Electronics & Space Corp.*, 113 F.3d 1498, 1503 (8th Cir. 1997). The plaintiff is entitled to a presumption that he would have worked for the defendant until normal retirement age. *Morse v. S. Union Co.,* 174 F.3d 917, 927 (8th Cir. 1999).

The Eighth Circuit has stated that a district court must consider many complicated factors in deciding whether to award front pay. *Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 322 (8th Cir. 1993). The nine factors enunciated in *Ogden, supra* at pp. 2-3, are some of the factors that the Court may consider in determining whether to award front pay. In this case, those factors all weigh in favor of front pay rather than reinstatement. *Ogden* also contains an enumeration of factors to consider in the determination of the amount of a front pay award.

*Ogden* identifies the following factors relevant to the front pay amount determination:

> (1) the plaintiff's age; (2) the length of time the plaintiff was employed by the defendant employer; (3) the likelihood the employment would have continued absent the discrimination; (4) the length of time it will take the plaintiff, using reasonable effort, to secure comparable employment; (5) the plaintiff's work and life expectancy; (6) the plaintiff's status as an at-will-employee; (7) the length of time other employees typically held the position lost; (8)

5

>the plaintiff's ability to work; (9) the plaintiff's ability to work for the defendant-employer; (10) the employee's efforts to mitigate damages; and (11) the amount of any liquidated or punitive damage award made to the plaintiff.

*Ogden,* 29 F.Supp.2d at 1014–15 (internal citations omitted). In calculating front pay, the district court may not reject jury findings, but it has the discretion to consider all the circumstances involved in determining appropriate equitable relief.  *Curtis v. Electronics & Space Corp.*, 113 F.3d at 1504.

A hearing is necessary upon this motion to adduce evidence which will assist the Court in its assessment of the above-stated reinstatement and front pay factors. At such a hearing Plaintiff intends to introduce the testimony of Tim Kaver, a Certified Rehabilitation Counselor (CRC), regarding the availability or unavailability of positions similar to Plaintiff's MasterCard position within the relevant geographical area, the expected pay ranges for such positions, the time period expected to obtain such a position, and the effect of a dismissal for whistleblowing activity and subsequent litigation on Plaintiff's employability in the human relations field. Plaintiff also intends to introduce the testimony of Karen Grossman Tabak, Ph.D., CPA, an economist. Ms. Tabak is expected to testify as to all factors necessary to calculate a front pay award, including appropriate work and life expectancy values and the appropriate discount rate to be applied to reduce the lump sum award to present value. Further, per Plaintiff's Exhibit 62, Plaintiff will present evidence

6

related to compensation in the nature of stock awards. But for his wrongful termination by Defendant MasterCard, Plaintiff would have vested on February 28, 2013 in 323 shares of MasterCard stock that he was awarded on March 1, 2010. In order to receive the full relief to which he is entitled, and to put him in the same position he would have been in in the absence of Defendant's wrongful conduct, Plaintiff will present evidence related to the value of that compensation.

### III.  PREJUDGMENT INTEREST

Prejudgment interest is an element of complete compensation and serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress. *West Virginia v. United States*, 479 U.S. 305, 310 & n.2 (1987). An award of prejudgment interest compensates a plaintiff for the money damages incurred and, where liability and the amount of damages are fairly certain, it promotes settlement and deters an attempt to benefit unfairly from the inherent delays of litigation. *Philipp v. ANR Freight Sys., Inc.*, 61 F.3d 669, 674 (8th Cir. 1995).   The Eighth Circuit has upheld awards of prejudgment interest on wrongful termination awards. See, *e.g., Winbush v. State of Iowa By Glenwood State Hosp.*, 66 F.3d 1471, 1485 (8th Cir. 1995). In this case an award of prejudgment interest on the jury's award of damages to Plaintiff is necessary to make Mr. Ascare whole.

In a diversity case, the question of prejudgment interest is a substantive

one, controlled by state law. *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 624 (8th Cir. 2003). Prejudgment interest upon a judgment in a tort action is provided for by Missouri statute as follows:

> In tort actions, a judgment for prejudgment interest awarded pursuant to this subsection should bear interest at a per annum interest rate equal to the intended Federal Funds Rate, as established by the Federal Reserve Board, plus three percent. The judgment shall state the applicable interest rate, which shall not vary once entered.

Mo.Rev Stat. § 408.040.3. When §408.040 is applicable, the awarding of prejudgment interest is mandatory and not a matter submitted to the Court's discretion. *Baird v. Baird*, 843 S.W.2d 388 (Mo. Ct. App. 1992). See also *Comm. Union Assur. Co. of Australia, Ltd., Melbourne v. Hartford Fire Ins. Co.*, 86 F.Supp.2d 921, 931 (E.D. Mo. 2000) (same "shall be allowed" language interpreted as mandatory with respect to contract claim governed by Mo. Rev. Stat. § 408.020)  Prejudgment interest under §408.040 must be awarded on tort claims where the "tortious conduct confers a benefit upon the defendant." *Rois v. H.C. Sharp Co.*, 203 S.W.3d 761, 765 (Mo. Ct. App. 2006).  In such circumstances, a plaintiff does not need to follow the specific demand procedure in § 408.040 Mo. Rev Stat. (*i.e.*, sending the demand by certified mail, etc.).  *Id.* at 764-67 (Trial court erred in denying prejudgment interest on claim for breach of fiduciary duty under § 408.020.  The plaintiff did not need to comply with § 408.040). Additionally, the fact that a jury awards less damages than originally demanded does not preclude awarding prejudgment

8

interest. *City of Sullivan v. Truckstop Restaurants, Inc.*, 142 S.W.3d 181, 195 (Mo. Ct. App. 2004).

In this case, there no question that Defendant's wrongful termination of Plaintiff conferred a benefit on Defendant. First, Defendant held the moneys owed ($210,000) to Plaintiff for two years and four months. Second, Defendant silenced Plaintiff's consistent internal whistleblowing activities. Consequently, pursuant to §408.040, Plaintiffs are entitled to prejudgment interest in the amount of $16,080, which constitutes simple interest upon the sum of $210,000.00 at the rate of 3.25% (per Mo. Rev Stat. § 408.040.3) for the period from May 27, 2010 (date of discharge) to October 3, 2012 (date of judgment). Finally, Plaintiff also requests that the Court amend the judgment to order that post-judgment interest shall accrue upon all sums due pursuant to the judgment at the rate of 5.25%, pursuant to Mo. Rev. Stat § 408.040.2.

## IV. CONCLUSION

For all of the foregoing reasons the Court should, in order to afford full relief to the Plaintiff to compensate him for the wrongful conduct of Defendant, amend the judgment entered by the Court on October 3, 2012, by awarding Plaintiff front pay, in an amount to be determined after hearing, and prejudgment interest as well as designating the appropriate post-judgment interest to be applied to the judgment.

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By:    /s/  S. Todd Hamby
S. Todd Hamby #39578
Sheila Greenbaum #25422
7701 Forsyth Boulevard, 12th Floor
Saint Louis, Missouri  63105
Telephone:  (314) 505-5480
Facsimile:  (314) 505-5481
hamby@capessokol.com
greenbaum@capessokol.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that on this 24th day of October, 2012, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system, upon:

Robert W. Stewart, Esq.
Whitney D. Pile, Esq.
The Lowenbaum Partnership LLC
222 S. Central Ave., Suite 901
St. Louis, Missouri 63105

                         /s/ S. Todd Hamby